After oyer and plea the usual order of reference to take the administration accounts of Green was made, and upon the report of the commissioner the following facts appeared.
Green was appointed administrator of Caswell by the county court of Wayne, in 1815, and thereupon the bond declared on in this action was executed. A short time thereafter Green tendered to the court his resignation of the office of administrator, which was accepted, and Sampson Lane appointed in his stead. A settlement took place between Green and Lane and the former paid over to the latter the assets of Caswell, which were thereby ascertained to be in his hands. The commissioner charged the defendant Collier with the funds thus paid over by Green to Lane, and the defendant excepted to the report for that cause. The exceptions were overruled pro forma, and the defendant allowed to appeal. The *Page 49 
record certified to this court contained a copy of every entry in the cause, as well as of two reports made by the commissioner and of the testimony before him.
The act of 1831, ch. 34 (Rev. Stat., ch. 4, secs. 23, 28), allowing appeals to this Court from interlocutory judgments at the motion of the party supposing himself to be aggrieved thereby, upon such terms as the judge below shall deem it just to prescribe, directs that the judge allowing the same shall direct so much only of the record, and the proceedings in the cause to be certified, as he shall think necessary to present the question or matter arising on such appeal fully to the consideration of this Court. It is apparent that although the appeal in this case had the sanction of the judge of the Superior Court, and must therefore be regarded by us as regular, the making up of the case for the consideration of this Court has been left entirely to the counsel of the parties. We have no doubt but these gentlemen in performing this duty were influenced altogether by the desire of bringing (62) the merits of the controversy fully before us, but we think we have some right to object to the manner which they have chosen for that purpose. Instead of making up a short case arising on the record and exhibiting the question or questions of law thereon, they have caused the entire record to be certified, containing the various reports, and amended reports made by the commissioners, all the exceptions thereto taken, the documents, exhibits, and facts agreed, upon which the reports were founded, and leave to this court to say, upon a view of all these matters and things, whether the exceptions of the defendant have been correctly overruled. We do not make these remarks so much in a tone of complaint as with the view of indicating the course which we think ought to be observed in bringing such questions as arise upon interlocutory judgments before this Court for revision.
It is deemed unnecessary to examine minutely the voluminous record in this case. One question presents itself upon it very obviously, which we have no doubt is among those intended to be presented, and the decision of which will probably determine the cause. It appears that in 1815 William B. Green was appointed by the county court of Wayne administrator of the estate of Benjamin W. Caswell, deceased, and entered into bond with Probate Collier and James Bradbury, sureties for the faithful performance of the duties confided to him. In a few months thereafter the said William tendered to the said county court his resignation of the office of administrator, which was accepted by the court, and *Page 50 
thereupon Sampson Lane was appointed administrator in his stead. A settlement immediately took place between the said William and the said Sampson, which settlement was returned to the May Term, 1816, of said court, and from which it appears that the former passed over to the latter all the bonds, notes, and other assets of the estate in his hands. In 1831 an action was brought in the name of the Chairman of the Court, upon the relation of the widow and child of Caswell, against Collier, one of Green's sureties, to recover the net amount of the personal estate of Caswell, as his next of kin, and an account taken under the direction of the court, as prescribed in our act of 1826, for the purpose of (63) facilitating the trial of the suit. Upon this account Green, Collier's principal, has been charged, by virtue of the settlement aforesaid, with the whole amount of the assets so delivered over to Lane — and to the items containing these charges, the defendant excepted.
It seems to us that the exceptions ought to have been sustained. There is no allegation that the revocation of the first letters of administration was not in good faith, nor that the successor appointed to the first administrator is not perfectly responsible. Unquestionably a court ought to consider well before it recalls an administration once duly granted. Such a proceeding may lead to inconvenience, and perplexity. But it cannot be doubted that the court possesses the power to revoke such an administration — and there are cases in which it is the duty of the court to execute the power. Thus it is laid down that an administration duly granted to the next of kin may be revoked if such administrator becomes non compos. Offleyv. Best, 1 Sid., 373; 1 Lev., 158; Coms. Admr. B., 8. And it is said that it may be where the administrator removes beyond the sea. (Williams on Executors, 361.) Thus, also, it has been expressly provided by our acts of 1822 and 1826 (Rev. Stat., ch. 46, sec. 30), that an administrator may be removed from office and a successor appointed upon application of dissatisfied sureties. The act of recalling the administration to Green and granting administration in his stead to Lane not transcending the power of the court, must be treated by all persons and in all courts while it remains unreversed as a valid act. The delivery over by the former administrator of the assets then in his hands was proper and legal and furnished no ground of charge against him in account with the next of kin of his intestate. The settlement then made is not by any means conclusive upon the next of kin. If the former administrator wasted the assets — or did not account fairly for them to his successor — unquestionably the next of kin will have a remedy. It may be a question indeed whether this remedy would not be through the medium of a bill filed against both administrators, but this is not an occasion for the consideration of such a question. The only ground here for charge against the *Page 51 
first administrator is a document showing that he delivered over (64) the assets to his successor. If it constituted any charge by reason of its showing that the assets had come to his hands, it showed at the same time a discharge in that he had paid them over to the person entitled to receive them.
This opinion will be certified to the Superior Court of Wayne, with instructions to allow this exception taken by the defendant to the report in this cause.
PER CURIAM. Order reversed.
Cited: Neal v. Becknell, 85 N.C. 302.